### THE STATE v. ALBERT FRANKS ET AL.

1. Section 54, of Chapter 78, approved the fifteenth of August, 1870, providing, that "if any person shall, by bribery, menace, willful falsehood, or other corrupt means, attempt to influence any elector in this State, in giving his vote or ballot, or to induce him to withhold the same * * * at any election in the State, he shall, on conviction thereof, be deemed guilty of a misdemeanor," etc., extends to the protection of the elector in an election for Congressmen, as well as for State or county officers.
2. It is immaterial whether an election was for Congressmen or for State officers, under the statutes ; the election was being held under the laws of this State, and the offender is punishable.

APPEAL from Lavaca. Tried below before the Hon. Wm. H. Burkhart.

The defendants, Albert Franks and Leve McHenry, were indicted by the grand jury, and the charge is that they "did willfully and unlawfully attempt to hinder Isaac Williams (he being a legally qualified elector) in the free exercise of the right of suffrage at the election then pending in the town of Halletsville, for a representative in the Congress of the United States from the Fourth Congressional District of the State of Texas, by the use of willful falsehood, to-wit, by then and there telling the said Isaac Williams that if he voted for Hancock (one of the candidates for Congress at that election) he would be fined fifty dollars and sent to the penitentiary for two and a half years."

The defendants excepted to the indictment, because the laws of the United States had exclusive cognizance over the offense.

The exceptions were sustained, and appeal prosecuted in behalf of the State.

*Attorney-General*, for the State.

No brief furnished for the appellees.

OGDEN, P. J.—The indictment in this case was framed under the 54th Section of the Act of the Legislature approved August 15, 1870, and charges that the defendants "did willfully and unlawfully attempt to hinder Isaac Williams, he being a legally qualified elector, in the free exercise of the right of suffrage," at the election then pending. We think this indictment charges an offense under the statute referred to. It is quite immaterial whether the election was for a State officer or for a Congressman of the United States; the election was being held under the laws of this State, and the offender is punishable under the laws of this State. The court therefore erred in sustaining the exceptions to the indictment.

The judgment is therefore reversed and the cause remanded.

REVERSED AND REMANDED.